IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| ALFONZO PITTMAN, | ) | CASE NO. 3:19-cv-00550 |
| | ) | |
| Plaintiff, | ) | JUDGE |
| | ) | |
| -vs- | ) | **NOTICE OF REMOVAL** |
| | ) | |
| GENERAL MOTORS LLC, | ) | |
| | ) | |
| Defendant. | ) | |

Defendant General Motors LLC ("Defendant") removes the action entitled *Alfonzo Pittman v. General Motors LLC*, Case No. G-4801-CI-0201901325-000, currently pending in the Court of Common Pleas in Lucas County, Ohio (the "Complaint"), to the United States District Court for the Northern District of Ohio, Western Division. As grounds for removal, Defendant states:

1. Plaintiff Alfonzo Pittman ("Plaintiff") sued General Motors LLC by filing the Complaint in the Court of Common Pleas in Lucas County, Ohio on February 7, 2019, and serving the Complaint on General Motors LLC on February 12, 2019. As required under 28 U.S.C. § 1446(a), copies of all state court processes, pleadings, and orders served on Defendant are attached as Exhibit A.

2. No further substantive proceedings have taken place in this action since the receipt of the Complaint by Defendant.

3. Plaintiff's Complaint alleges: (1) gender discrimination in violation of Ohio Rev. Code § 4112.02; (2) race discrimination in violation of Ohio Rev. Code §4112.02; (3) disability discrimination in violation of Ohio Rev. Code § 4112.02; and (4) retaliation in violation of Ohio Rev. Code § 4112.02, all in connection with his employment with General Motors LLC, which

was governed by a Collective Bargaining Agreement ("CBA") and a Last Chance Agreement ("LCA") in accordance with the CBA.

4. A case may be removed from state to federal court if the case could have originally been brought in the federal forum. *See* U.S.C. § 1441(e).

5. This Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1331, which specifies that the district courts shall have "original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." Plaintiff's claims asserted in the Complaint arise under the laws of the United States, namely, under Section 301 of the Labor Management Relations Act ("LMRA"), 29 U.S.C. § 185 *et seq.*, because his claims as articulated in the Complaint are completely preempted by the LMRA.

6. In addition, this is a civil action over which this Court has original jurisdiction under 28 U.S.C. § 1332, diversity of citizenship, and which therefore may be removed to this Court under 28 U.S.C. § 1441(a)-(b).

7. Under 28 U.S.C. § 1446, removal is timely if filed within thirty (30) days after a defendant is served with a summons and the initial pleading. Defendant timely files this removal within thirty (30) days of the service date of February 12, 2019.

**Federal Question Jurisdiction**

8. Section 301 of the LMRA provides federal jurisdiction over "[s]uits for violation of contracts between an employer and a labor organization." 29 U.S.C. § 185(a). Federal law under Section 301 governs suits for breach of a CBA and displaces any state claim based on a CBA, as well as any state claim whose outcome depends on interpretation or analysis of the terms of an agreement made between the parties in a labor contract, including "the practices and customs of a workplace whose conditions are governed by a CBA." *Jones v. General Motors Corp.*, 939 F.2d 380, 383 (6th Cir. 1991); *Avco Corp. v. Aero Lodge No. 735*, *International Assoc. of*

*Machinists & Aerospace Workers*, 3901 U.S. 557, 560-61 (1968); *Mattis v. Massman*, 355 F.3d 902, 905-06 (6th Cir. 2004); *DeCoe v. General Motors Corp.*, 32 F.3d 212, 216 (6th Cir. 1994); *Banks v. Alexander*, 294 Fed. Appx. 221 (6th Cir. 2008). The complete preemption doctrine "require[s] federal pre-emption of state-law based actions . . . [when] those actions are inextricably intertwined with consideration of the terms of the labor contract." *Jones v. General Motors Corp.*, 939 F.2d 380, 382 (6th Cir. 1991) (citing *Allis Chambers Corp. v. Lueck*, 471 U.S. 202, 213 (1985) and *Textile Workers Union v. Lincoln Mills*, 353 U.S. 448 (1957). Importantly, Section 301 preemption also extends to claims that involve examination of a settlement agreement reached pursuant to a CBA's grievance procedures. *Id.* at 382-384.

9. In *Simoneau v. General Motors Corporation*, 85 Fed. Appx. 445 (6th Cir. 2003), for example, a union worker who had been terminated but later reinstated through the union grievance process, brought suit against his employer based on parties' differing interpretations of the meaning of the grievance settlement's provision to "reinstate [worker] to active employment." The Sixth Circuit Court of Appeals held that the claim was preempted by the LMRA. *Id.*

10. The Complaint also alleges that Plaintiff was unfairly terminated and brought back to work under a LCA.[1] (Complaint, ¶¶, 9, 16, 25, 41.) The Complaint also alleges that Plaintiff was unfairly terminated a second time for a late arrival (*Id.* at ¶¶10, 17, 26, 42), and that he was subjected to different terms and conditions of employment. (*Id.* at ¶¶14, 23).

---

[1] The LCA, which Plaintiff signed on May 12, 2017, specifically states that Plaintiff was "contractually released on August 18, 2016 for violation of [the CBA] for fighting on the premises." It also set forth Plaintiff's agreement to a medical evaluation, and his acknowledgment that he remained subject to all General Motors' policies and procedures, and the CBA. Finally, in signing the LCA, Plaintiff expressly released and waived all claims regarding discipline, discharge, or other employment policies against General Motors or his union, including any state, federal, or local law or regulation pertaining to non-discrimination in employment and equal opportunity.

11. The following claims, although asserted as claims under Ohio state law, are actually predicated on rights created by or requiring interpretation and analysis of the terms of the CBA and/or the LCA, including those barred by Plaintiff's execution of the LCA:

    a. The Complaint alleges claims based on a variety of harassing conduct that supposedly took place <u>before</u> Plaintiff signed the LCA, and have therefore been waived under the terms of the LCA. Plaintiff specifically alleges:

        i. "several employees would run against Plaintiff's genital area when reaching for their water bottles while leaving the job area" (Complaint, ¶6);

        ii. "[e]mployees, including management, would purposefully prevent Plaintiff from getting parts he needed, or would stop abruptly in front of him. They would stand behind machines and accuse Plaintiff of doing things he did not do" (*Id.* at ¶7);

        iii. "[a]fter Plaintiff complained of the harassment, the behavior escalated, and Plaintiff was unfairly terminated. He was brought back to work under a LCA." (*Id.* at ¶9).

    b. Plaintiff raises these allegations multiple times throughout the Complaint in support of his claims for gender discrimination (*Id.* at ¶¶11-19); race discrimination in violation of R.C. 4112 (*Id.* at ¶¶20-28); and retaliation in violation of R.C. 4112. (*Id.* at ¶¶37-45.)

    c. The Complaint also asserts that General Motors unfairly terminated Plaintiff's employment based on a late arrival for his shift; a condition of employment expressly governed by the CBA (*Id.* at ¶¶17, 26, 42), and that he was subjected to different terms and conditions of employment, which are also set forth in the CBA. (*Id.* at ¶¶14, 23).

    d. In addition, each claim for relief in the Complaint alleges that Plaintiff has suffered the loss of a number of employment-related benefits governed by the CBA and/or the

LCA, "Plaintiff has suffered the loss of his job position, back wages, seniority, fringe benefits and pension benefits . . ." (Complaint, ¶¶19, 28, 36, 45.)

   e. All of the above-mentioned allegations in the Complaint involve collectively-bargained rights that require interpretation and application of the CBA and/or LCA, thus granting this Court federal question jurisdiction under Section 301 of the LMRA.

   f. The Court has pendent or supplemental jurisdiction over any state law claim(s) in Plaintiff's Complaint that are not preempted by §301, because the Complaint alleges substantial federal claims and any state law claims are derived from a common nucleus of operative fact. *See* 28 U.S.C. § 1367.

### Diversity of Citizenship

12. This Court has diversity jurisdiction over this case under 28 U.S.C. § 1332, which requires that: (1) parties on each side of the case be citizens of different states; and (2) the amount in controversy exceeds $75,000, exclusive of interest and costs. *See*, 28 U.S.C. §1332(a)(1).

13. Upon information and belief and his own allegation, Plaintiff is a citizen of the State of Ohio. *See,* Comp. ¶1.

14. Defendant General Motors LLC is a Delaware Corporation, with its principal place of business in Detroit, Michigan. Therefore, for purposes of diversity of citizenship under 28 U.S.C. § 1332, General Motors LLC is not a citizen of Ohio.

15. Complete diversity exists between the parties under 28 U.S.C. § 1332, as Plaintiff (Ohio) and Defendant General Motors (Delaware) are not citizens of the same state.

### Amount in Controversy

16. The standard for determining whether a plaintiff's claim meets the amount in controversy is whether the district court finds, by a preponderance of the evidence, that the

5

amount in controversy is greater than $75,000. 28 U.S.C. § 1446(c)(2)(B). A defendant seeking removal need only show that, assuming the plaintiff proves his claims, the amount in controversy "more likely than not" exceeds $75,000. *Everett v. Verizon Wireless*, 460 F.3d 818, 822 (6th Cir. 2006) (internal quotation omitted.)

17. Courts may consider actual/compensatory, punitive damages, and, in some cases, attorney's fees to determine whether the amount in controversy exceeds $75,000. *See Klepper v. First Am. Bank*, 916 F.2d 337, 340-41 (6th Cir. 1990). Compensatory damages for non-economic loss are recoverable under Ohio law. Ohio Rev. Code § 2315.19.

18. A court must "take into account the ability of Plaintiff … to recover punitive damages, unless it is apparent to a legal certainty that [punitive damages] cannot be recovered." *Smith v. Nationwide Prop. & Cas. Ins. Co.*, 505 F.3d 401, 408 (6th Cir. 2007) (internal quotation omitted). Under Ohio law, compensatory and punitive damages are recoverable under Ohio Rev. Code § 4112.99. In Plaintiff's Prayer for Relief, he is seeking compensatory and punitive damages for emotional distress, anxiety, humiliation and embarrassment.

19. In the Complaint, Plaintiff seeks to recover for an alleged loss of "back wages, seniority, fringe benefits and pension benefits, diminished earning capacity and great mental and emotional stress, anxiety, humiliation and embarrassment" plus litigation expenses and attorney's fees. (Compl. ¶¶19, 28, 26, 45.) Plaintiff also seeks an amount of liquidated damages equal to his damages and costs and attorney fees all together with prejudgment and post judgment interest. Plaintiff further prays for whatever other legal or equitable relief to which he may appear to be entitled. (Compl. Prayer for Relief.)

20. Although Defendant opposes Plaintiff's claimed entitlement to punitive damages, Plaintiff's allegations seeking punitive damages ensure that the amount in controversy exceeds

6

$75,000. Alleged punitive damages must be considered when determining whether the amount in controversy exceeds $75,000. *See Smith*, 505 F.3d at 408. Plaintiff's intentional tort claim invokes malicious wrongdoing and thus implicates punitive damages. Punitive damages therefore must be included in the amount in controversy.

21. 28 U.S.C. § 1446(c)(2) provides that where removal is sought on the basis of diversity jurisdiction, the sum demanded in good faith in the initial pleading shall be deemed to be the amount in controversy, *except* that the removing party may assert the amount in controversy if the plaintiff's complaint seeks "a money judgment, but the State practice either does not permit demand for a specific sum *or* permits recovery of damages in excess of the amount demanded[.]" 28 U.S.C. § 1446(c)(2) (emphasis added). In such a case, as here, removal is proper where the removing party establishes by the preponderance of evidence that the amount in controversy exceeds the statutory minimum.

22. Without making any admission as to the merits or lack thereof to Plaintiff's damages allegations, Defendant believes in good faith that Plaintiff's alleged damages as asserted in the Complaint exceed the jurisdictional amount of $75,000 set forth in 28 U.S.C. § 1332(a). Plaintiff's Complaint, therefore, seeks more than $75,000 in damages from Defendant, which satisfies the amount in controversy under 28 U.S.C. § 1332(a).

23. Accordingly, this Court has diversity jurisdiction because the parties are citizens of different states and the amount in controversy exceeds $75,000.

**WHEREFORE**, Defendant requests that the above-captioned action now in the Lucas County, Ohio Court of Common Pleas be removed to this Court.

Respectfully submitted,


*/s/Kathleen J. Sanz* _____
Ellen Toth (0056176)
Kathleen J. Sanz (0089386)
Ogletree, Deakins, Nash, Smoak & Stewart, P.C.
Key Tower
127 Public Square, Suite 4100
Cleveland, OH 44114
 Ph: 216-241-6100
 Fax: 216-357-4733
 Email: ellen.toth@ogletree.com
   kathleen.sanz@ogletree.com

*Attorneys for Defendant General Motors LLC*

## CERTIFICATE OF SERVICE

The undersigned does hereby certify that this document has been filed this 12th day of March, 2019, through the Court's Electronic Filing System.  Parties to this action may access this document through the Court's System.  a copy of the foregoing was sent by via email this same date, as follows:

Francis J. Landry, Esq.
Wasserman, Bryan, Landry & Honold, LLP
1090 West South Boundary, Suite 500
Perrysburg, OH 43551
Flandry308@aol.com

*/s/ Kathleen J. Sanz*
*One of the Attorneys for Defendant General Motors LLC*

37614872.2